IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JUSTIN STEWART LEASE**                                              **PETITIONER**

**v.**                                          **CIVIL ACTION NO. 1:24-cv-00356-HSO-BWR**

**BURL CAIN**                                                           **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is Respondent Burl Cain's Motion [11] to Dismiss *pro se* Petitioner Justin Stewart Lease's Petition [1] for Writ of Habeas Corpus under 28 U.S.C. § 2254. Having considered the parties' submissions, the record, and the applicable law, the undersigned recommends that the Motion to Dismiss [11] should be granted, the Petition [1] denied with prejudice because Petitioner failed to state a cognizable claim for federal habeas relief or alternatively, denied without prejudice for failure to exhaust available state court remedies, Petitioner's request for compensation denied without prejudice, and Petitioner denied a certificate of appealability.

I. BACKGROUND

On June 2, 2011, Petitioner pleaded guilty to possession of a controlled substance in Jackson County, Mississippi Circuit Court in violation of Mississippi Code Annotated § 41-29-139. State Ct. R. [10-1] at 4-10. The same day, Petitioner was sentenced to eight years in the custody of the Mississippi Department of Corrections (MDOC) with six years suspended, two years to serve, and three years on post-release supervision to run consecutive to a revocation. *Id.* at 9. In November 2015, Petitioner's probation was revoked for violating his post-release supervision. *Id.* at

17-18. Petitioner was sentenced to serve the remainder of his controlled substance sentence–six years. *Id.*

On March 31, 2016, Petitioner was indicted as a habitual offender for attempted robbery. State Ct. R. [10-2] at 5-6. Petitioner entered a petition to plead guilty to attempted robbery on December 15, 2016. *Id.* at 7-10. He was sentenced on January 9, 2017, as a habitual offender to fifteen years in the custody of the MDOC, six years suspended, nine years to serve day for day, with the remainder on post-release supervision and credit for all time served. *Id.* at 14-15.

Petitioner filed several grievances through the MDOC Administrative Remedy Program (ARP) challenging MDOC's calculation of his time served and tentative release date. State Ct. R. [10-6]; State Ct. R. [10-7]; State Ct. R. [10-8]; State Ct. R. [10-9]; State Ct. R. [10-10]; State Ct. R. [10-11]; State Ct. R. [10-12]; State Ct. R. [10-13]; State Ct. R. [10-14]. Petitioner proceeded to step two of the response program for ARP grievance WCCF-24-240. State Ct. R. [10-8] at 14. Petitioner's remaining grievances were either accepted and responded to, rejected as repetitive and denied, time-lapsed, or found not within the authority of MDOC to grant.

On February 12, 2024, Petitioner began filing letters and motions in Jackson County Circuit Court claiming the calculation of time reflected in his timesheet was incorrect, requesting parole consideration, sentence reduction, and removal of habitual offender status. State Ct. R. [10-2] at 18-31, 40-92. On February 26, 2024, the Jackson County Circuit Court transferred Petitioner's motion challenging his inmate timesheet to Wilkinson County, Mississippi pursuant to Mississippi Code

2

Annotated § 11-11-3 because Petitioner resides in Wilkinson County. *Id.* at 32. On November 22, 2024, the Jackson County Circuit Court denied Petitioner's request to reduce his sentence and remove his habitual offender status because the court lacked jurisdiction to do so since the requests were untimely filed. *Id.* at 93. Petitioner "did not appeal the denial of a sentence reduction." Mot. [11] at 7. Apart from Petitioner's ARP grievances and his letters and motions filed in circuit court, he "has not otherwise sought post-conviction relief in the Jackson County Circuit Court on his guilty pleas, sentences, or revocation." *Id.*

On October 24, 2024, Petitioner signed his Petition [1], filed with the Court on November 15, 2024, challenging MDOC's calculation and computation of his sentence, including his tentative discharge date. Pet. [1]. Petitioner claims MDOC has not credited his sentence with earned discharge credits, trusty time, and meritorious earned time. Pet. [1] at 1-2; Attachment [3] at 1; Attachment [4] at 4.

Petitioner claims his timesheet should reflect "two (2) years [and] (12) twelve days total earned time [and] ninety-four (94) days meritorious time." Pet. [1] at 2. And that he "accrued seven (7) years three hundred thirty (330) days total trusty earned time and a loss of thirty (30) days earned time, as well as [a] November 01, 2021 parole date." *Id.* Petitioner argues that "the illegal enhancement concerning [Mississippi Code Annotated] § 99-19-81 [inscribing] the Habitual Offender Act of 2012" should also be modified. Attachment [3] at 3. Petitioner asserts he is challenging MDOC's computation award of 326 days of earned time, Pet. [1] at 1, and that he has "exhausted all institutional grievances" for certain ARPs. Attachment [3]

3

at 3. Petitioner requests his timesheet be audited, compensation of $1,100 per day for the 1,364 days he has allegedly served in excess, and immediate release. Attachment [4] at 4.

On April 23, 2025, Respondent moved to dismiss and argues Petitioner's requests for parole and the application of trusty time, earned time, and earned discharge credits toward his release date fail to state a cognizable claim for federal habeas relief or a protected liberty interest. Mot. [11] at 9. Alternatively, Respondent contends Petitioner's claims are unexhausted. *Id.* at 11. Respondent also argues habeas corpus relief is not available to remedy Petitioner's request for compensation. *Id.* at 15.

On June 2, 2025, the Court ordered Petitioner to respond to the Motion to Dismiss. Order [12]. After Petitioner failed to respond, the Court entered an Order to Show Cause on July 16, 2025. Order [13]. Petitioner failed to show cause, and the Court entered a Second Order to Show Cause on August 8, 2025. Order [14].

On August 15, 2025, Petitioner filed a Letter [15] requesting documents associated with various cases he has filed in the Southern District. The same day, Petitioner filed a Response [16] to the second order to show cause which the Court construes as his response to the Motion to Dismiss. Petitioner's response [16] is largely unintelligible and discusses various symptoms of hearing sound from an unknown source. Response [16] at 1. Respondent did not reply.

II.  DISCUSSION

A. <u>Petitioner has failed to state a claim for federal habeas relief under 28 U.S.C § 2254.</u>

Federal habeas relief is available to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To show that federal habeas relief is necessary, a petitioner must demonstrate that he has been deprived of a right secured by the Constitution or the laws of the United States. *Id.* Petitioner's challenges to his habitual offender status, parole eligibility, and his claim that his sentence does not reflect alleged accrued earned discharge credits, trusty time, and meritorious time fail to state a claim for federal habeas relief.

> Under Mississippi Code Annotated § 99-19-81,
>
> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought . . . shall be sentenced to the maximum term of imprisonment prescribed for such felony unless the court provides an explanation in its sentencing order setting forth the cause for deviating from the maximum sentence, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

Miss. Code Ann. § 99-19-81. Petitioner was indicted as a habitual offender on March 31, 2016. State Ct. R. [10-2] at 5-6. Petitioner entered a guilty plea stating he was guilty of the crime charged and acknowledging that the recommended sentence included sentencing Petitioner as a habitual offender. *Id.* at 7-10. The court sentenced Petitioner as a habitual offender. *Id.* at 14-15.

Mississippi Code Annotated § 99-19-81 "clearly allows the State to seek enhanced punishment—the mandatory imposition of the maximum term of

5

imprisonment prescribed for the current felony conviction—for anyone previously convicted of two felonies or federal crimes that resulted in separate prison sentences of one year or more." *Kirk v. King*, No. 3:16-cv-95-DPJ-MTP, 2018 WL 3332450, at *18 (S.D. Miss. Feb. 15, 2018), *R. & R. adopted,* No. 3:16-cv-95-DPJ-MTP, 2018 WL 1997525 (S.D. Miss. Apr. 27, 2018). "[T]he constitution is not violated simply because the State exercises its discretion in the enforcement of its habitual criminal statute in order to encourage a guilty plea." *Id.* And "[a] petition for federal habeas corpus relief based on an argument that state courts are incorrectly applying their own law . . . is not a basis for relief." *Wansley v. Mississippi Dep't of Corr.*, 769 F.3d 309, 312 (5th Cir. 2014). Additionally, "[a]n offender in trusty status shall not be eligible for a reduction of sentence under this section if . . . [t]he offender was convicted as an habitual offender under [Mississippi Code Annotated § 99-19-81]." Miss. Code Ann. § 47-5-138.1(2)(b). Likewise, "[a]n inmate shall not be eligible for the earned time allowance if . . . convicted as a habitual offender under [Mississippi Code Annotated §99-19-81]." Miss. Code Ann. § 47-5-139(1)(b).

"[P]arole in Mississippi is purely discretionary." *Dedeaux v. Turner*, No. 1:18-cv-263-HSO-RHW, 2020 WL 1131488, at *4 (S.D. Miss. Mar. 9, 2020), *judgment entered,* No. 1:18-cv-263-HSO-RHW, 2020 WL 1158607 (S.D. Miss. Mar. 9, 2020) (collecting cases). The Fifth Circuit has found that prisoners in Mississippi "have no liberty interest in parole." *Wansley*, 769 F.3d at 312-13. "[W]hen a prisoner 'has no liberty interest in obtaining parole . . . he cannot complain of the constitutionality of

6

procedural devices attendant to parole decisions.'" *Id.* (quoting *Orellana v. Kyle,* 65 F.3d 29, 32 (5th Cir.1995)).

Likewise, the decision to award earned trusty time, earned discharge credits, and meritorious earned time is discretionary. *Dukes v. Hood*, No. 2:08-cv-215-P-S, 2009 WL 2499569, at *1 (N.D. Miss. Aug. 13, 2009); *Jamison v. King*, No. 3:20-cv-20-SA-JMV, 2020 WL 3490060, at *3-4 (N.D. Miss. June 26, 2020); *Bolden v. Cabana*, No. 2:04-cv-199-P-A, 2005 WL 1217349, at *2 (N.D. Miss. May 20, 2005). "A state creates a liberty interest through statute only if the state law or regulation contains 'explicit mandatory language,' *i.e.* specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow." *Dukes*, 2009 WL 2499569, at *1 (quoting *Kentucky Department of Corrections v. Thompson,* 490 U.S. 454, 463 (1989)).

An inmate "*may*" be awarded trusty time, earned discharge credits, and meritorious earned time which is not a specific directive and is permissive rather than mandatory language. Miss. Code Ann. § 47-5-138.1 ("an offender in trusty status as defined by the classification board of the Department of Corrections may be awarded a trusty-time allowance . . . ."); Miss. Code Ann. § 47-7-40(1) ("The department shall have the authority to award earned-discharge credits to all offenders placed on probation, parole, or post-release supervision who are in compliance with the terms and conditions of supervision."); Miss. Code Ann. § 47-5-142(2) (". . . meritorious earned time may be awarded . . . ."); *see Jamison*, 2020 WL 3490060, at *3 ("[Miss. Code Ann. § 47-7-40] is not, however, mandatory, as it plainly

7

states that 'earned-discharge credits' *may apply* to offenders who are in compliance with the terms and conditions of supervision.") (emphasis in original). Because the decision to award trusty time, earned discharge credits, and meritorious earned time is discretionary, "the[se] statute[s] afford[] a prisoner no constitutionally recognized liberty interest." *Dukes*, 2009 WL 2499569, at *2 (citing *Scales v. Mississippi State Parole Bd.,* 831 F.2d 565, 566 (5th Cir.1987)); *Irving v. Thigpen,* 732 F.2d 1215, 1216 (5th Cir. 1984).

"[O]nce prison officials award such time to the inmate, 'there is a human difference between losing what one has and not getting what one wants;' this difference gives rise to a liberty interest worthy of constitutional protection." *Bolden*, 2005 WL 1217349, at *2 (citing *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, *10 (1979)). Even so, Petitioner is not claiming he has lost awarded time but that his time has been calculated incorrectly. In response to his ARP grievances, Petitioner was provided a copy of his timesheet and informed that he is "serving [his] habitual sentence at this time," his file and time are correct, and he "lost [thirty] days for [an] RVR." State Ct. R. [10-6] at 5-6; State Ct. R. [10-7] at 4-6; State Ct. R. [10-8] at 9; *see also Dukes*, 2009 WL 2499569, at *1. Petitioner has failed to state a claim for federal habeas relief.

Petitioner also cites Mississippi Code Annotated § 47-5-157,[1] § 47-7-3,[2] and § 97-3-2[3] to support that his remaining sentence was calculated incorrectly.

---

[1] Mississippi Code Annotated § 47-5-157 discusses an offender's discharge procedure.
[2] Mississippi Code Annotated § 47-7-3 considers an inmate's parole eligibility.
[3] Mississippi Code Annotated § 97-3-2 lists crimes classified as crimes of violence.

8

Attachment [4] at 2. "To the extent that [Petitioner] is claiming the MDOC is not properly applying Mississippi law, he does not state a claim for federal habeas relief." *Grady v. Johnson*, No. 2:19-cv-40-KS-RHW, 2019 WL 7790390, at *2 (S.D. Miss. Oct. 30, 2019), *R. & R. adopted,* No. 2:19-cv-40-KS-RHW, 2020 WL 476373 (S.D. Miss. Jan. 29, 2020) (citing *Wansley*, 769 F.3d at 312).

    B. <u>Petitioner has failed to exhaust available state court remedies.</u>

    Under 28 U.S.C. § 2254:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b).

Therefore, "a defendant must exhaust all claims in state court prior to requesting federal collateral relief." *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008) (citing *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001)). To satisfy the exhaustion requirement, the substance of the federal claim must have been "fairly presented to the highest state court." *Soffar v. Dretke*, 368 F.3d 441, 465 (5th Cir. 2004), *amended on reh'g in part*, 391 F.3d 703 (5th Cir. 2004). "A habeas petitioner who has failed to exhaust all his post-conviction remedies has asserted no cognizable right to federal habeas relief under section 2254." *Lovett v. Hall*, No. 5:19-cv-33 DCB-LRA, 2020 WL 6792688, at *2 (S.D. Miss. Aug. 7, 2020), *R. & R. adopted,* No. 5:19-

9

cv-33-DCB-LRA, 2020 WL 5569586 (S.D. Miss. Sept. 17, 2020). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

If a federal habeas claim is procedurally defaulted the court may consider the claim's merits if the petitioner can show cause and actual prejudice or "that failure to consider the claims will result in a fundamental miscarriage of justice." *Bagwell v. Dretke*, 372 F.3d 748, 755 (5th Cir. 2004) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). "To prove 'cause' [a petitioner] must establish that some 'external force' impeded the defense's efforts to comply with the procedural rule." *Id.* (quoting *Coleman,* 501 U.S. at 753). To show miscarriage of justice, a petitioner must "supplement his constitutional claim with a colorable showing of factual innocence . . . ." *Id.* at 757 (quoting *Sawyer v. Whitley*, 505 U.S. 333, 339 & n. 5 (1992)).

Petitioner failed to show that he presented his arguments to Mississippi's highest court or the "absence of [an] available state corrective process." *See* 28 U.S.C. § 2254(b)(1)(B)(i). Although Petitioner filed motions in the circuit court and ARPs challenging MDOC's calculation of his time, he did not present those issues to the Mississippi Supreme Court. *McFee v. M.D.O.C. Recs. Dep't*, No. 2:10-cv-189-KS-MTP, 2010 WL 4536775, at *2 (S.D. Miss. Nov. 2, 2010) (dismissing petitioner's petition for failure to exhaust because his request to calculate his parole eligibility date was still pending in circuit court); *see also Davis v. Caskey*, No. 1:07-cv-1253-LG-RHW, 2008 WL 5117547, at *2 (S.D. Miss. Nov. 20, 2008) (dismissing petitioner's claim for failure

10

to exhaust because "[p]etitioner has not attempted to challenge the calculation of his sentence in state court"). Nor has Petitioner filed post-conviction relief motions related to his guilty plea or sentence.

Petitioner has not shown cause, actual prejudice, or that failure to consider the claims will result in a miscarriage of justice because he is actually innocent. *Coleman*, 501 U.S. at 750; *see Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999); *see Myles v. Kelly*, No. 3:07-cv-563-HTW-LRA, 2010 WL 2696781, at *4 (S.D. Miss. May 14, 2010) (holding that petitioner failed to present new evidence to demonstrate a fundamental miscarriage of justice); *see also Henderson v. Shelby*, No. 1:20-cv-134-HSO-RPM, 2023 WL 5949433, at *7 (S.D. Miss. Aug. 8, 2023*), R. & R. adopted,* No. 1:20-cv-134-HSO-RPM, 2023 WL 5945965 (S.D. Miss. Sept. 12, 2023), *certificate of appealability denied,* No. 23-60526, 2024 WL 1416519 (5th Cir. Mar. 19, 2024) ("[Petitioner] has not identified any external action which prevented him from presenting his claim. Nor has he demonstrated any actual prejudice as a result of the imposition of this bar.") (citing *Coleman*, 501 U.S. at 750).

Petitioner pleaded guilty to both charges. State Ct. R. [10-2]; State Ct. R. [10-6]. Petitioner has made no argument that he is actually innocent of the crimes for which he pleaded guilty or "offer[ed] [an] explanation for his failure . . . to seek review of the issue[s] in state court." *Davis*, 2008 WL 5117547, at *2. Thus, Petitioner failed to exhaust state remedies and has not shown an exception to the procedural bar.

11

### C. Petitioner's request for compensation fails to state a cognizable claim for federal habeas relief.

Petitioner requests damages of $1,100 per day for the 1,364 days he has allegedly served in excess. Attachment [3] at 3. Petitioner is essentially seeking compensation for what he claims is wrongful incarceration. "The sole function of a writ of habeas corpus is to grant relief from unlawful imprisonment or custody." *Evans v. Caskey*, No. 3:10-cv-196-DPJ-FKB, 2010 WL 4392562, at *2 (S.D. Miss. Oct. 29, 2010) (citing *Pierre v. United States,* 525 F.2d 933, 935-36 (5th Cir.1976)). Petitioner's claim for monetary damages is barred by 28 U.S.C. § 2254. *Marks v. King*, No. 2:05-cv-2056-KSJM, 2005 WL 3447614, at *1 (S.D. Miss. Dec. 15, 2005) ("The relevant habeas statute, 28 U.S.C. § 2254, provides the exclusive federal remedy available to state prisoners challenging the fact or duration of their confinement and seeking speedier or immediate release from incarceration."). "[Petitioner's] § 2254 habeas petition is not the proper vehicle for seeking compensatory damages for wrongful incarceration." *Davis*, 2008 WL 5117547, at *2

### III.  RECOMMENDATION

The undersigned United States Magistrate Judge recommends that the Motion to Dismiss [11] should be granted, the Petition [1] denied with prejudice because Petitioner failed to state a cognizable claim for federal habeas relief or alternatively, denied without prejudice for failure to exhaust available state court remedies, Petitioner's request for compensation denied without prejudice, and Petitioner denied a certificate of appealability.

## IV.  NOTICE OF RIGHT TO APPEAL OR OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has [fourteen] days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 22nd day of October 2025.

*s/ Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE